FRANK STORMS v. PHILIP PADGHAM, CIRCUIT JUDGE OF ALLEGAN COUNTY.

*Guardian and ward—Incompetent person—Discharge—Notice.*

1. Notice of the application of an incompetent person, under How. Stat. § 6329, for his discharge from guardianship on the ground that he has regained competency, must be given to the next of kin or presumptive heirs of the applicant.
2. *Mandamus* will not lie to compel a circuit judge to vacate an order dismissing the appeal of an incompetent person from the order of the probate court denying his application for a discharge from guardianship, where it appears that the citation was directed to the guardian, mother, two sisters, and wife of the incompetent, all of whom, except the wife, resided in this State, and the files in the probate court fail to show service, either actual or constructive, upon the wife and one of the sisters.

*Mandamus.* Argued January 30, 1894. Denied February 20, 1894.

Relator applied for *mandamus* to compel the respondent to vacate an order dismissing relator's appeal from an order of the probate court denying his application for discharge from guardianship as an incompetent person, to reinstate the case, and hear the appeal on the merits. The facts are stated in the opinion.

*Elmer E. Smith* and *W. W. Warner,* for relator.

*E. J. Anderson,* for respondent.

MCGRATH, C. J. The application must be denied. It is true that the statute[1] does not provide for notice in such cases, but upon an application for the appointment of a guardian for an incompetent the statute[2] requires notice to

---

[1] How. Stat. § 6329.
[2] How. Stat. § 6314.

be given to the incompetent only, yet it has been held that the next of kin or presumptive heirs are entitled to notice. *In re Bassett*, 68 Mich. 348; *In re Myers*, 73 Id. 401. Upon application by the incompetent for his discharge, the question of his competency or incompetency is again put in issue, and that after an adjudication of incompetency, and the question to be determined is none the less of interest to the next of kin. We cannot overlook the fact that in this class of cases there are conflicting interests, and the movement is often inspired by an interested faction.

In the present case the citation was directed to the guardian, the mother, two sisters, and the wife, all of whom, except the last named, resided in the State. No determination was made by the probate court as to the manner of service. The officer made return of personal service upon the guardian, the mother, and one sister. The files of the probate court show no further or other service. In *Munger v. Probate Judge*, 86 Mich. 363, service was actually made upon all the resident heirs. In the present case the citation was directed to five persons, and no service, either actual or constructive, was returned as to two of such persons; the one being the wife, residing in Indiana, and the other a sister residing in this State.

The other Justices concurred.