IN RE GUARDIANSHIP OF SIMMONS: LEINWANDER and another, Respondents, vs. SIMMONS and another, Appellants.

*November 8—December 3, 1940.*

For the appellants there was a brief by *Genrich & Genrich* of Wausau and *R. R. Williams* of Marshfield, attorneys, and *Herbert L. Terwilliger* and *James A. Fitzpatrick,* both of Wausau of counsel, and oral argument by *Mr. Terwilliger.*

For the respondents there was a brief by *Pors & Pors* of Marshfield, and oral argument by *Charles M. Pors.*

FOWLER, J. This is an appeal from an order denying a motion for revocation of an order appointing a guardian for Jessie Simmons, alleged in the petition for appointment to be incompetent "because of old age and senility" and an order directing the guardian to commence an action to set aside deeds of land executed by the alleged incompetent person, one to her son, Minor L. Simmons, and another to one David. The appeal is taken by the said son and a guardian *ad litem* of the alleged incompetent person appointed upon the hearing of the motion. The ground of the motion to vacate the orders is that the court was without jurisdiction to appoint the guardian.

The petition for appointment of a guardian is signed by a daughter of the alleged incompetent person. It alleges that the mother resides in Wood county and is incompetent, as above stated. It states the property of the mother as, personal property "none," and that the ward is seized of real estate the income of which does not exceed $400; that there are no minors or other persons under disability or incapable of prosecuting or defending for themselves, interested in the estate of such person or having any right in respect thereto who may be affected by the order to be made

upon the petition; and that the mother has no general or testamentary guardian. It contains no other allegations.

Upon the filing of the petition an order was made fixing the time of hearing as February 13, 1940, at 10 o'clock a. m. A copy of this order was served on the alleged incompetent by delivering it to and leaving it with her on January 24, 1940. On February 13th, a hearing was had and evidence taken in support of the petition at which the ward was not present. The formal order appointing the guardian is dated April 25, 1940. It recites that it appeared from the evidence taken on February 13th that it was impossible to have the alleged incompetent present, and that the court on said day of hearing in open court ordered the appointment of Jacob Leinwander as guardian. It also recites that letters of guardianship theretofore issued to him were approved, although the letters were dated February 28, 1940.

From the testimony taken at the hearing it appears that the daughter who signed the petition and the said son are the only children of their mother. The daughter testified that a little before 10 o'clock of the day of hearing she went to the house where the son and mother were living. They were eating dinner. She asked her mother to go with her, and her mother wanted to go and said she would go and started to get ready, and the daughter assisted in dressing her to go. The son told the daughter that she could not have her mother and seized and ejected the daughter from the room in which she and the mother were and from the house. This was reported to the petitioner's attorney. Afterwards on the same day the daughter, on the advice of the attorney, went with the deputy sheriff to bring the mother to court, but when the deputy and she arrived at the home they received no answer on rapping for entrance to the part of the house in which they were living. A woman living upstairs in the house on inquiry whether the people downstairs were at home informed them that she did not know. The daughter

testified on this fact basis that it was "impossible to have her [mother] in court today." No guardian *ad litem* was appointed for the mother at or before this hearing.

On the same day that letters were issued to him the guardian petitioned the court for leave to bring an action to set aside two deeds of the mother previously executed, one to the son and the other to one David, and an order was on said day made directing such action.

The son on April 5, 1940, moved the court to set aside these two orders, and on the son's accompanying affidavit the court set the motion for hearing on April 25, 1940, and appointed a guardian *ad litem* for the mother. The guardian *ad litem* joined in the son's motion. The sole ground of the motion was want of jurisdiction of the court to make those orders.

The court on May 22, 1940, in absence of the mother and without resorting to any means to have her brought before the court, upon the affidavit of the son above referred to and the testimony taken on February 13th, denied the motion.

The statute under which the court proceeded and which forms the basis of appellants' claim of want of jurisdiction is sec. 319.16, Stats., which provides:

"(1) A relative or friend of an insane or incompetent person may apply, by verified petition, to the county court . . . for the appointment of a guardian.

"(2) The court shall cause ten days' notice to be given to the supposed insane or incompetent person . . . of the time and place of hearing upon the petition, and shall cause the person, if able to attend, to be produced on the hearing. . . ."

The grounds laid for want of jurisdiction are: (1) That the petition for appointment of the guardian does not give the names of the next of kin of the alleged incompetent person, and that no notice of the hearing of the petition was given to the next of kin; (2) that the alleged incompetent person was not present at the hearing of the petition; and

(3) that no guardian *ad litem* for the ward was appointed at or before the hearing of February 13th.

Cases from other jurisdictions are cited by appellants in support of their contentions. *In re Bassett,* 68 Mich. 348, 36 N. W. 97; *Storms v. Allegan, Circuit Judge,* 99 Mich. 144, 57 N. W. 1074; *Brandeen v. Beale,* 110 Neb. 686, 194 N. W. 787; and *Jones v. Schaffner* (Iowa), 180 N. W. 672. If we were to follow the rulings of these cases we would perhaps be required to hold the instant appointment void for the reason that the son was not named in the petition, or notified of the hearings, and perhaps because no guardian *ad litem* was appointed. But we consider that our own decisions, which we see no sufficient reason to overrule, rule the points above stated against the appellants. The extent to which our decisions go is to hold that the things declared by the statute to be stated in the petition must be made to appear or the court does not acquire jurisdiction. In *Appeal of Royston,* 53 Wis. 612, 11 N. W. 36, an appointment was declared void because the petition involved was not verified. That is the only reason for which this court has held an appointment void. In *Ziegler v. Bark,* 121 Wis. 533, 99 N. W. 224, an order appointing a guardian was attacked as void because the petition did not state the names of next of kin and because it failed to show with whom the alleged incompetent resided. As the person with whom the ward resided was a son, and this son appeared at the hearing and moved to dismiss the proceedings, it was held that a more complete petition would have procured no fuller hearing than was actually had. The court's ruling was to the effect that omitting from the petition the facts here laid as constituting want of jurisdiction does not void the proceedings, but goes no further.

It appears inferentially from the holding of the two cases of this court above cited that the only thing that has been held to defeat jurisdiction is omitting from the petition the

things that the statute says must be stated therein. The things required by the statute are here stated in the petition. The only fact appearing herein that could have bearing on jurisdiction is that the mother was not present at the hearing. While we are of opinion that in case the alleged incompetent does not appear the court is not deprived of jurisdiction, we are of opinion that in that situation the duty of the court is to require that the person be brought before it, if it is possible that such person may be so brought. It appears in the instant case that this was possible. Because of the fact that the trial judge thought that the son prevented the mother from appearing at the time fixed the court ruled that it was impossible for her to appear. Manifestly impossibility did not appear. A bench warrant would have secured her presence, if not at the immediate time, at some future time to be fixed by the court. The court was under duty to exhaust its means of securing her presence, or at least take some steps reasonably calculated to procure it before proceeding with the hearing, or at least before concluding it. Not to take some such steps in the instant case was at least an abuse of discretion. The statute says the alleged incompetent shall be present if that be possible. That mandate can no more rightly be ignored by the court than can any other mandate of the statute. We are therefore of opinion that the orders of the court here appealed from should be vacated and the court be directed to have the alleged incompetent brought before him if she is able to attend, and to proceed with a hearing of the petition at a time when she is present, and at that time hear such evidence as may be produced by the son or others interested bearing upon the question of incompetency.

*By the Court.*—The orders appealed from are reversed, and the record remanded for further proceedings in accordance with the opinion.