In the MATTER OF the GUARDIANSHIP AND PROTECTIVE PLACEMENT OF MURIEL K., alleged incompetent:

Jeffrey KNIGHT and Norris Knight, Appellants-Petitioners,

v.

MILWAUKEE COUNTY and Muriel K., Respondents.

Court of Appeals

*No. 00–0929. Submitted on briefs June 4, 2002.—Decided July 2, 2002.*

2002 WI App 194

(Also reported in 651 N.W.2d 890.)

On behalf of the appellants, the cause was submitted on the briefs of *Patricia M. Cavey* of *Tammi, Cohn & Cavey*, Milwaukee.

On behalf of the respondent, Milwaukee County, the cause was submitted on the brief of *Mary Ellen Poulos*, principal assistant corporation counsel, Milwaukee.

On behalf of the respondent-guardian, Steven C. Underwood, the cause was submitted on the brief of *David W. Runke* of *Michael Best & Friedrich, LLP*, Milwaukee.

On behalf of Muriel K.'s adversary counsel, the cause was submitted on the brief of *Robert B. Peregrine* of *Peregrine & Roth, S.C.*, Milwaukee and Muriel K.'s guardian ad litem, *Pamela D. Crawford*, Franklin.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. FINE, J.   Jeffrey and Norris Knight appeal from orders entered by the trial court appointing a guardian of both the estate and the person of Muriel K., and directing her protective placement in an unlocked unit of a nursing home. The Knights (Jeffrey is Norris's son) are not related to Muriel K. Rather, they had previously been designated by Muriel K. as her power-of-attorney agents—for financial matters (Jeffrey Knight) and for health-care matters (both Knights). After a hearing at which Muriel K. did not appear, the trial court stripped the Knights of these designated powers. The Knights appealed, but in an earlier decision we held that they had no standing to bring the appeal. *Knight v. Milwaukee County*, 2001 WI App 147, 246 Wis. 2d 691, 633 N.W.2d 222. Our decision was reversed by the supreme court. *Knight v. Milwaukee County*, 2002 WI 27, 251 Wis. 2d 10, 640 N.W.2d 773. Pursuant to the supreme court's direction, we now consider the Knights' appeal. *See id.* at ¶ 56. We hold that the trial court lacked competency to enter its orders because it did not comply with the statutory directive requiring that Muriel K. be present at the hearing. Accordingly, we vacate those orders, and do not discuss the other issues raised by the Knights. *See*

*Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

## I.

¶ 2.    The facts of this case were set out at length in the earlier decisions, *see Knight*, 2002 WI 27 at ¶¶ 2–10; *Knight*, 2001 WI App 147 at ¶¶ 2–11, and will not be repeated here, except to note that Muriel K.'s guardian *ad litem* purported to waive Muriel K.'s appearance at the hearing. This is how the guardian *ad litem* explained her decision to the trial court:

> I visited with [Muriel K.] several times. The last two visits, which were about ten days ago and yesterday, when informed that she would have a right to appear in court in the proceedings that were going on regarding her, she was adamant in saying she did not want to be here. She did not want to leave the nursing home. She became rather upset, and I believe that not only does she not want to be here, but I think it would be very upsetting for her and not in her best interest.

The Knights objected, and argued that under *Leinwander v. Simmons*, 236 Wis. 305, 294 N.W. 821 (1940), "if it is physically possible, the ward must be here." Moreover, the Knights argued that the guardian *ad litem*'s representation that Muriel K. did not want to be present was "not what [Muriel K.] indicated to the medical doctor" who examined her at the Knights' request. The physician later testified that there "was no reason" why Muriel K. could not be present at the hearing. The trial court considered but overruled the Knights' objection, saying that "if she doesn't want to be here and the guardian ad litem has spoken for her, I'm not going to force her to be here."

1003

## II.

¶ 3. WISCONSIN STAT. § 880.08(1) requires that an alleged incompetent appear at the hearing to determine his or her status. It provides, as material here:

> The court shall cause the proposed incompetent, if able to attend, to be produced at the hearing. The proposed incompetent is presumed able to attend unless, after a personal interview, the guardian ad litem certifies in writing to the court the specific reasons why the person is unable to attend. If the person is unable to attend a hearing because of physical inaccessibility or lack of transportation, the court shall hold the hearing in a place where the person may attend if requested by the proposed ward, guardian ad litem, adversary counsel or other interested person.

The statute is clear. First, the "proposed incompetent is presumed able to attend" the hearing. Second, unless "the guardian ad litem certifies in writing to the court the specific reasons why the person is unable to attend," the trial court "shall cause the proposed incompetent . . . to be produced at the hearing." Third, the trial court "shall hold the hearing in a place where the person may attend if requested by the proposed ward, guardian ad litem, adversary counsel or other interested person" if the proposed ward's inability to attend is "because of physical inaccessibility or lack of transportation." The statute thus reflects a legislative judgment that what the supreme court has declared to be "as difficult a judgment as a judge is called upon to make," *Bryn v. Thompson*, 21 Wis. 2d 24, 28, 123 N.W.2d 505, 507 (1963), that is, a declaration of incompetency and the attendant restrictions on a proposed ward's

liberty, not be made without whatever input the proposed ward is able to give. Unfortunately, the trial court did not follow the statute.

■

¶ 4.  Presumptions in Wisconsin are governed by WIS. STAT. RULE 903.01, which provides, as material here, that "a presumption . . . created by statute . . . imposes on the party relying on the presumption the burden of proving the basic facts, but once the basic facts are found to exist the presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."[1] Here, the usual scheme of invoking presumptions is altered because WIS. STAT. § 880.08(1) is self-executing and requires that the trial court *sua sponte* ensure that the proposed ward "be produced at the hearing" irrespective of whether any party desires it, as long as the proposed ward is "able to attend"; a motion to compel the attendance of the proposed ward is not necessary. *See Bryn*, 21 Wis. 2d at 28, 123 N.W.2d at 507 (Noting that, under a similar statute, the trial court has "an affirmative burden to produce the person unless such appearance is wholly impossible.").

---

[1] WISCONSIN STAT. RULE 903.01 reads in full:

**Presumptions in general.** Except as provided by statute, a presumption recognized at common law or created by statute, including statutory provisions that certain basic facts are prima facie evidence of other facts, imposes on the party relying on the presumption the burden of proving the basic facts, but once the basic facts are found to exist the presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence.

¶ 5.   Under Wis. Stat. Rule 903.01, the "presumed fact" is that Muriel K. was "able to attend" the hearing. Thus, those opposing her presence at the hearing had to prove that her inability to attend was "more probable" than not. Significantly, Wis. Stat. § 880.08(1) specifies the mode of proof:   the guardian *ad litem* must certify "in writing to the court the specific reasons why the person is unable to attend." This was not done here. Rather, the guardian *ad litem* expressed—but did not, as the statute requires, "certif[y] in writing"—two reasons why she wanted to waive Muriel K.'s presence at the hearing. First, she told the trial court that Muriel K. "was adamant in saying she did not want to be here." Second, the guardian *ad litem* said that "it would be very upsetting for [Muriel K.] and not in her best interest" to be present. These reasons do not equal an *inability* to attend. Accordingly, the trial court lacked competency to proceed. *See Bryn*, 21 Wis. 2d at 28, 123 N.W.2d at 507–508 (Under the then governing statute, "the 'court shall cause the proposed incompetent, if able to attend, to be produced at the hearing.' " This "places upon the court an affirmative burden to produce the person unless such appearance is wholly impossible because of the proposed incompetent's disordered condition. Failure to take such affirmative steps will deprive the court of a jurisdiction to make a determination of incompetency.").[2]

---

[2] A trial court that may not exercise its jurisdiction is said to "lack competency to proceed." *National Pawn Brokers Unlimited v. Osterman, Inc.*, 176 Wis. 2d 418, 427, 500 N.W.2d 407, 410 (Ct. App. 1993).

¶ 6.  Consistent with the procedure ordered by the supreme court in *Leinwander*, we vacate the orders of the trial court, remand this matter and direct that Muriel K. be produced at any hearing seeking to declare her to be incompetent if she is able to attend, in accordance with the procedures required by WIS. STAT. § 880.08(1). *See Leinwander*, 236 Wis. at 310, 294 N.W. at 823–824.

*By the Court.*—Orders vacated and cause remanded with directions.