IN the MATTER OF the PROTECTIVE PLACEMENT WITH
GUARDIANSHIP OF JOSEPH S.:

JEFFERSON COUNTY, Petitioner-Respondent,

v.

JOSEPH S., Respondent-Appellant.

Court of Appeals

*No. 2009AP804. Submitted on briefs December 14, 2009.
—Decided November 24, 2010.*

2010 WI App 160

(Also reported in 795 N.W.2d 450.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Margaret A. Maroney*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *E. Scott Scheibel*, assistant corporation counsel of Jefferson County Corporation Counsel, Jefferson.

Before Vergeront, P.J., Lundsten and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. Joseph S. appeals orders entered by the trial court appointing a guardian over his person and his estate, and directing his protective placement in an unlocked residential facility. At the hearing on the guardianship and protective placement petitions, the trial court ordered Joseph removed from the courtroom for making disruptive and profane remarks. Joseph argues that he had a right to be present for the entire hearing under WIS. STAT. §§ 54.44(4) and 55.10 (2007–08).[1] He argues that he was not given a required warning that he could be removed, and thus did not forfeit this right to be present; and, without his presence in the courtroom, the trial court lost compe-

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

tency to proceed on the petitions. We agree and therefore vacate the orders and remand for further proceedings.

## BACKGROUND

¶ 2. On September 25, 2008, Jefferson County Department of Human Services petitioned the trial court for guardianship of Joseph's person and estate, as well as protective placement. The petitions alleged that Joseph was impulsive, unable to make reasonable decisions, and a potential danger to himself and others as a result of a schizoaffective disorder. On October 8, the trial court ordered temporary guardianship and placement pending the hearing for permanent guardianship and placement.

¶ 3. Joseph attended most of the permanent guardianship and placement hearing on October 13. Following the close of evidence, however, the court ordered Joseph removed from the courtroom after Joseph alleged that the evidence taken was "all hearsay," and said, "This is bull shit. This is bull shit, man." A detailed account of this exchange is provided in the discussion section. Shortly after Joseph was removed from the courtroom, the court granted the petitions for guardianship and protective placement. Joseph appeals the orders.

## STANDARD OF REVIEW

■■

¶ 4. This case requires us to interpret the guardianship and protective placement statutes, WIS. STAT. § 54.44 and WIS. STAT. § 55.10, respectively. A circuit court's interpretation of a statute is a legal determina-

740

tion that we review de novo. *State v. Waushara Cnty. Bd. of Adjustment*, 2004 WI 56, ¶ 14, 271 Wis. 2d 547, 679 N.W.2d 514. The purpose of statutory interpretation is to ascertain the legislature's intent so that the statute may be given its full, proper, and intended effect. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110.

## DISCUSSION

■

¶ 5.    A determination that a person "is incompetent . . . is as difficult a judgment as a judge is called upon to make," and thus the legislature has adopted procedural requirements "to mitigate the chances of error." *Byrn v. Thompson*, 21 Wis. 2d 24, 28, 123 N.W.2d 505 (1963). Among these is the requirement that the petitioner in a guardianship or protective placement action ensure the attendance of the respondent at the petition hearing unless the attendance is waived by the guardian ad litem. Wis. Stat. §§ 54.44(4)(a) (guardianship); 55.10(2) (protective placement).[2] Failure to ensure the attendance of the respondent at a hearing

---

[2] Wisconsin Stat. § 54.44(4)(a) states as follows:

*Adult proposed ward or ward.* The petitioner shall ensure that the proposed ward or ward attends the hearing unless the attendance is waived by the guardian ad litem. In determining whether to waive attendance by the proposed ward or ward, the guardian ad litem shall consider the ability of the proposed ward or ward to understand and meaningfully participate, the effect of the attendance of the proposed ward or ward on his or her physical or psychological health in relation to the importance of the proceeding, and the expressed desires of the proposed ward or ward. If the proposed ward or ward is unable to attend the hearing because of residency in a nursing home or other facility, physical inaccessibility, or a lack of transportation and if the proposed ward or ward, guardian ad litem, advocate counsel, or other interested person so

absent a valid waiver by the guardian ad litem causes
the trial court to lose competency to proceed on the

> requests, the court shall hold the hearing in a place where the
> proposed ward or ward may attend.

WISCONSIN STAT. § 55.10(2) states as follows:

> ATTENDANCE. The petitioner shall ensure that the individual sought
> to be protected attends the hearing on the petition unless, after a
> personal interview, the guardian ad litem waives the attendance
> and so certifies in writing to the court the specific reasons why the
> individual is unable to attend. In determining whether to waive
> attendance by the individual, the guardian ad litem shall consider
> the ability of the individual to understand and meaningfully
> participate, the effect of the individual's attendance on his or her
> physical or psychological health in relation to the importance of
> the proceeding, and the individual's expressed desires. If the
> individual is unable to attend a hearing only because of residency
> in a nursing home or other facility, physical inaccessibility, or lack
> of transportation, the court shall, if requested by the individual,
> the individual's guardian ad litem, the individual's counsel, or
> other interested person, hold the hearing in a place where the
> individual is able to attend.

The current versions of these statutes were enacted by 2005
Wis. Act 387 § 100 (guardianship) and 2005 Wis. Act 264 § 160
(protective placement). Prior versions of these statutes con-
strued in *Byrn v. Thompson*, 21 Wis. 2d 24, 123 N.W.2d 505
(1963), and *Knight v. Milwaukee County*, 2002 WI App 194, ¶ 1,
256 Wis. 2d 1000, 651 N.W.2d 890, differed from the present
statutes in several respects. Most notably, the former guardian-
ship hearing statute required that the trial court, rather than
the petitioner, ensure the respondent's attendance at the hear-
ing. *See* WIS. STAT. § 880.08(1) (2003–04). And the former
protective placement hearing statute, WIS. STAT. § 55.06(5)
(2003–04), did not name the party responsible for ensuring the
respondent's attendance at the hearing. However, these differ-
ences in the past and present versions of the statutes are not
relevant to the issue presented in this case. What matters for
our purposes is that, like the present statutes, the prior versions
construed in *Byrn* and *Knight* included a statutory right for the
respondent to be present at the hearing. *See* § 55.06(9)(b)
(2003–04). ("The petitioner, ward and guardian shall have the

petition. *Byrn*, 21 Wis. 2d at 28; *Knight v. Milwaukee Cnty.*, 2002 WI App 194, ¶ 1, 256 Wis. 2d 1000, 651 N.W.2d 890.

¶ 6.   In *Knight*, we held that a trial court lacked competency to proceed on a guardianship petition where the guardian ad litem's waiver of the respondent's attendance at the guardianship hearing did not satisfy statutory requirements. *Knight*, 256 Wis. 2d 1000, ¶ 1. WISCONSIN STAT. § 880.08(1) (2001–02), the predecessor to WIS. STAT. § 54.44(4)(a), stated, in relevant part:

> The court shall cause the proposed incompetent, if able to attend, to be produced at the hearing. The proposed incompetent is presumed able to attend unless, after a personal interview, the guardian ad litem certifies in writing to the court the specific reasons why the person is unable to attend.

The guardian ad litem explained to the trial court that the respondent adamantly refused to participate and that the guardian ad litem thought it would be " 'upsetting for [her] and not in her best interest' to attend." *Knight*, 256 Wis. 2d 1000, ¶ 5. We concluded that the guardian ad litem's waiver failed to satisfy the statutory requirements in two respects: first, the guardian ad litem did not certify this information in writing; second, the guardian ad litem's reasons did not equal an inability to attend. *Id.*

¶ 7.   Joseph contends that the trial court lost competency to proceed on the petitions for guardianship and protective placement, and that he did not forfeit his right to be present under WIS. STAT. §§ 54.44(4) and 55.10. In response, the County asserts that Joseph

right to attend [the hearing on the protective placement petition], and to present and cross-examine witnesses.").

forfeited his right to be present by behaving in a disruptive manner at the hearing. The County also argues that, if the court erred in ordering Joseph's removal from the courtroom, the error was harmless. Further, the County argues that Joseph waived his right to raise his challenge to the court's competency because defense counsel failed to object to Joseph's removal.

■■

¶ 8. Taking the question of waiver first, the County correctly observes that Joseph's attorney did not object to Joseph's removal, and therefore failed to preserve for review the issue of the court's competency. However, waiver is a rule of judicial administration, not judicial power. *State v. Moran*, 2005 WI 115, ¶ 31, 284 Wis. 2d 24, 700 N.W.2d 884. "[W]hen an issue involves a question of law, has been briefed by the opposing parties, and is of sufficient public interest to merit a decision, this court has discretion to address the issue." *Id.* Because the issue presented meets each of these criteria, we choose to ignore waiver.

¶ 9. We begin by noting that, unlike the respondents in *Knight* and *Byrn,* who were not present for any portion of the hearing, Joseph was in attendance through the close of evidence but was removed before the court issued its ruling. The County does not argue, however, that Joseph's attendance for most of the proceeding prevented the court from losing competency, and we conclude that, unless Joseph forfeited his right to attend by his conduct, the court lost competency to continue in Joseph's absence when he was removed from the courtroom.[3] As *Knight* explains, the attendance

---

[3] We do not mean to suggest that a respondent's absence for any portion of the proceedings for any period of time will necessarily result in a court losing competency to proceed. For

requirement "reflects a legislative judgment that . . . a declaration of incompetency and the attendant restrictions on a proposed ward's liberty[] not be made without whatever input the proposed ward is able to give." *Knight*, 256 Wis. 2d 1000, ¶ 3. Here, Joseph was removed before the court issued its ruling and at a juncture in the proceedings while Joseph still had the opportunity to provide input in the form of a statement to the court. (In fact, Joseph was removed while attempting to provide input—albeit in a disruptive and profane manner—on the petitions.)

¶ 10.  We thus turn to the County's argument that Joseph forfeited his right to attend the hearing by his disruptive behavior and use of profanity. The exchange that resulted in Joseph's removal occurred as the guardian ad litem, Attorney Bruce Freeberg, was making his recommendation to the court:

> Mr. Freeberg: Your Honor, my recommendation —or should I say my hope is [Joseph] will again be back to the point where he was previously.
>
> [Joseph]: I would like to take the stand. I would like to take the stand on my behalf. This is all hearsay.
>
> The Court: Okay. Try to calm down.
>
> [Joseph]: I can live on my own. I have been living on my own for the past month. I have been making my own meals. I have been getting a job. I should have been working on Monday. It was raining. This is bull shit. This is bull shit, man.
>
> The Court: Well, let's remove him from the courtroom.

example, a respondent's absence for a short period of time, after which the respondent is apprised of any developments that occurred, may not necessarily deprive the court of competency.

[Joseph]: This is a mistrial. And this is a bunch of shit.

The Court: All right. Well, let's calmly take him back, not cause him too much problem, and just remove him from the courtroom.

The bailiff then escorted Joseph out of the courtroom.

¶ 11.   The County contends that Joseph forfeited his right to be present at the hearing when he refused to "calm down" as instructed by the court and used profanity when addressing the court. In response, Joseph acknowledges that even a criminal defendant, whose right to be present at trial is constitutional, may forfeit that right by being so disruptive that the hearing cannot proceed in an orderly manner. Joseph cites *Illinois v. Allen*, 397 U.S. 337, 343 (1970) (citation omitted), which states:

[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.

Joseph argues that the approach set forth in *Allen* should be applied to forfeiture of the statutory right to be present in a guardianship or protective placement case, and contends that he did not forfeit that right under *Allen* because the judge failed to warn him that he would be removed if he continued to act in a disruptive manner.

¶ 12.   We agree with the parties that a person may forfeit his or her right to attend the hearing under WIS. STAT. §§ 54.44(4) and 55.10. Although these statutes do not address forfeiture, it would be unreasonable to

construe these statutes not to permit a forfeiture regardless of the person's conduct. *See Kalal*, 271 Wis. 2d 633, ¶ 46 (we interpret statutory language to avoid absurd or unreasonable results). The question thus becomes: What standard should we apply to decide whether a person has by his or her conduct forfeited the statutory right to attend?

¶ 13. We conclude that the standard set forth in *Allen* is the appropriate standard. We recognize that we are addressing here the statutory right to attend the hearing, whereas the right of a criminal defendant to be present at the trial, addressed in *Allen*, is constitutional. However, whether the right to attend the hearing here is a constitutional right as well as a statutory right, we are satisfied that it is of sufficient importance to warrant application of the *Allen* standard. We have recognized that a "huge liberty interest" is at stake in a protective placement proceeding because they "are indefinite in duration and thereby are tantamount to a life sentence to a nursing home or other custodial setting." *Walworth Cnty. v. Therese B.*, 2003 WI App 223, ¶ 12, 267 Wis. 2d 310, 267 N.W.2d 377. We have also recognized the restrictions on liberty that are attendant upon a declaration of incompetency in a guardianship proceeding. *Knight*, 256 Wis. 2d 1000, ¶ 3. Because of the important liberty interest at stake, the legislature has required a number of procedural protections, including the right of the individual to attend the hearing. *See* Wis. Stat. §§ 54.42, 54.44 (guardianship); Wis. Stat. §§ 55.09, 55.10, 55.105 (protective placement). The application of the *Allen* standard before this right can be forfeited is commensurate with the legislative decision to impose this requirement to protect the liberty interest at stake.

¶ 14. Here, the court asked Joseph to "[t]ry to calm down," then ordered Joseph's removal from the courtroom when Joseph said, "This is bull shit. This is bull shit, man." The court did not advise Joseph before ordering his removal that he could be removed from the courtroom for acting in a disruptive manner. We conclude therefore that Joseph did not forfeit his right to be present at the hearing, and thus the court lost competency to proceed on the petitions against him.

¶ 15. Finally, the County argues that the trial court's error in ordering Joseph's removal from the courtroom was harmless because the evidence was closed when the court ordered Joseph's removal from the courtroom. However, the court's orders granting the petitions cannot be reviewed under a harmless error analysis because the court lacked competency to enter the orders. *See Knight*, 256 Wis. 2d 1000, ¶ 1. Stated differently, the error in removing Joseph was not harmless because it deprived the court of the authority conferred by statute to act on the petitions. *See State ex rel. Jones v. Franklin* 151 Wis. 2d 419, 424–25 N.W.2d 738 (Ct. App. 1989) (harmless error analysis did not apply where a prison disciplinary committee lost competency to proceed on a disciplinary matter when it failed to hold a hearing within the time period prescribed by administrative rule).

¶ 16. The question remains what must be done on remand. As noted, Joseph was present for the entire evidentiary portion of the hearing. Our review of the record discloses no reason to think that Joseph's removal after the close of evidence affected his rights during the evidentiary portion of the hearing. Accordingly, we remand with directions that the circuit court

recommence the hearing with Joseph present at the point at which he was removed from the courtroom.

*By the Court.*—Orders vacated and cause remanded with directions.