# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

| | |
|---|---|
| Case No.: | 2022AP765-FT |

Complete Title of Case:

> IN THE MATTER OF THE GUARDIANSHIP AND PROTECTIVE PLACEMENT OF P.B.:
>
> RACINE COUNTY,
>     PETITIONER-RESPONDENT,
>
>     V.
>
> P. B.,
>     RESPONDENT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | November 30, 2022 |
| Submitted on Briefs: | August 18, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Gundrum, P.J., Neubauer and Lazar, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the respondent-appellant, the cause was submitted on the brief of *Colleen Marion*. Assistant state public defender, Madison. |
| Respondent ATTORNEYS: | On behalf of the petitioner-respondent, the cause was submitted on the brief of *Sarah M. Kidd,* assistant corporation counsel, Racine. |

# COURT OF APPEALS DECISION DATED AND FILED

## November 30, 2022

Sheila T. Reiff
Clerk of Court of Appeals

### NOTICE

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

---

**Appeal No.**    **2022AP765-FT**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021GN58

**IN COURT OF APPEALS**

---

IN THE MATTER OF THE GUARDIANSHIP AND PROTECTIVE PLACEMENT OF P.B.:

RACINE COUNTY,

     PETITIONER-RESPONDENT,

   V.

P.B.,

     RESPONDENT-APPELLANT.

---

APPEAL from orders of the circuit court for Racine County: KRISTIN M. CAFFERTY, Judge. *Vacated and cause remanded with directions.*

Before Gundrum, P.J., Neubauer and Lazar, JJ.

¶1 NEUBAUER, J. P.B. appeals from orders entered by the circuit court appointing a guardian over her person and estate, directing her protective placement in an unlocked facility, and denying her postdisposition motion to vacate

the guardianship and protective placement orders. P.B. argues that she was denied her right to attend the guardianship and protective placement hearing in person. The guardianship and protective placement statutes give certain rights to individuals who are the subject of guardianship or protective placement petitions, including the "right to be present" at the final hearing on the petitions. *See* WIS. STAT. §§ 54.42(5), 55.10(4) (2019-20).[1] The statutes also require a petitioner (here, the County) to ensure that the individual who is the subject of a petition "attends" the final hearing, unless the individual's guardian ad litem waives the attendance. WIS. STAT. §§ 54.44(4)(a), 55.10(2). For the reasons below, we conclude that these statutes protect an individual's right to be physically present in the room where the hearing is held. Because the County failed to ensure that P.B. was afforded an opportunity to attend her final hearing in person, and her guardian ad litem did not waive her attendance, the circuit court lacked competency to rule on the petitions. Thus, we vacate the orders and remand for a hearing that complies with the statutes.

## BACKGROUND

¶2    On May 6, 2021, the County filed a petition for temporary and permanent guardianship over P.B. under WIS. STAT. ch. 54 and a petition for protective placement under WIS. STAT. ch. 55. The next day, after hearing testimony from an investigator for the County and from P.B., the circuit court granted temporary protective placement and appointed P.B.'s daughter as her temporary guardian. The court also signed the County's proposed order setting a final hearing on the petitions for May 28, 2021, to be held via Zoom, a web-based conferencing

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

platform that is used for audio and video conferencing.[2] The court later changed the hearing date to June 2, 2021, and informed P.B. that a guardian ad litem (GAL) had been appointed to represent her interests at the hearing.

¶3 The GAL prepared a report in connection with the final hearing, but did not file it until after the hearing had concluded. In the report, the GAL advised that he had informed P.B. of certain rights, including her right to "be present at the hearing." The report also indicated that P.B. intended to contest competency and protective placement. The GAL further advised that, in his opinion, P.B. "**can attend** the hearing in court." The GAL did not check the box on the report waiving P.B.'s attendance.

¶4 At the start of the June 2 hearing, P.B., her counsel, and several other participants appeared by Zoom. P.B. was located at the facility where she was being temporarily detained. Due to technical difficulties, P.B. lost her video connection midway through the hearing and thereafter participated only by audio. P.B.'s counsel participated from another location.

¶5 At the end of the hearing, the circuit court announced its decision. Based upon the testimony and other evidence presented, the court determined that P.B. was in need of guardianship and protective placement.

¶6 P.B. filed a postdisposition motion asking the circuit court to vacate the guardianship and protective placement orders because she was not permitted to attend the final hearing in person and did not consent to participate by video conference. In support, P.B. cited WIS. STAT. §§ 54.44(4) and 55.10(2), which

---

[2] Dave Johnson, *What Is Zoom and How Does It Work?*, LIFEWIRE: TECH FOR HUMANS (Feb. 11, 2021), https://www.lifewire.com/what-is-zoom-and-how-does-it-work-4800476.

instruct the party seeking guardianship or protective placement to ensure that the individual for whom guardianship or protective placement is sought "attends the hearing," unless the individual's guardian ad litem waives the attendance. *See* §§ 54.44(4)(a), 55.10(2). In her motion, P.B. noted that her GAL had neither waived her attendance nor provided reasons why she was unable to attend.

¶7      The County opposed P.B.'s motion, arguing that the circuit court had authority to conduct the hearing by video or teleconference under WIS. STAT. §§ 885.58 and 885.60. The County also relied on P.B.'s failure to object to proceeding via Zoom pursuant to § 885.60(2)(d), despite knowing in advance that the court planned to conduct the hearing using that technology.

¶8      The circuit court denied P.B.'s motion. The court determined that P.B. had a right to attend the final hearing under the guardianship and protective placement statutes, but noted that those "statutes do not use the term 'physically present.'" The court then turned to WIS. STAT. § 885.60(2)(a) and determined that it does grant a right to be physically present, but concluded that P.B. had waived that right by not objecting to attending via Zoom before the hearing.[3]

## DISCUSSION

---

[3] In her postdisposition motion, P.B. also argued that the many technical problems that occurred during the hearing violated the statutory standards established for video conferencing, that the circuit court impermissibly admitted hearsay evidence at the hearing, and that the County did not prove by clear and convincing evidence that she needed a guardian or protective placement. The court rejected these arguments, stating that P.B. was able to "meaningfully attend[] the hearing" despite the technical difficulties and that no party objected to continuing the hearing via Zoom when P.B.'s video connection was lost. The court further rejected P.B.'s argument that it had improperly admitted hearsay evidence and affirmed its prior determination that the County had presented sufficient evidence for the guardianship and protective placement. P.B. challenges each of these aspects of the court's ruling on appeal, but we decline to address them because our ruling on the court's lack of competency is sufficient to decide the appeal. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (when one issue is dispositive of an appeal, we need not discuss other issues).

## I.   Applicable Legal Standards

¶9     This appeal requires us to interpret and apply provisions in the guardianship and protective placement statutes, WIS. STAT. chs. 54 and 55, and provisions in WIS. STAT. ch. 885 addressing the use of video conferencing in circuit court proceedings. We review the circuit court's interpretation of those statutes de novo. *Jefferson County v. Joseph S.*, 2010 WI App 160, ¶4, 330 Wis. 2d 737, 795 N.W.2d 450.

¶10    Our goal in interpreting a statute "is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. We begin with the statutory language, which "is given its common, ordinary, and accepted meaning." *Id.*, ¶45. Because context and "the structure of the statute in which the operative language appears" are also important in determining meaning, we interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

¶11    "The purposes underlying a statute are also useful in ascertaining a statute's meaning." *State v. Soto*, 2012 WI 93, ¶20, 343 Wis. 2d 43, 817 N.W.2d 848. "Finally, when engaging in statutory interpretation, we are assisted by prior decisions that have examined the relevant statutes." *Id.*

## II.   WISCONSIN STAT. §§ 54.44(4)(a) and 55.10(2) require physical presence at a final hearing.

¶12    We begin our analysis with the statutes that address hearings in guardianship and protective placement actions. As relevant here, WIS. STAT. § 54.44(1)(a) requires a circuit court to hear a petition for guardianship within ninety

days after it is filed. The individual over whom guardianship is sought—referred to in the statute as the "proposed ward or ward"—has certain statutory rights, including "the right to be present" at the hearing and "the right to have any hearing regarding the guardianship conducted in a location and manner that is accessible to the" individual. WIS. STAT. § 54.42(5), (6). Section 54.44(4)(a) requires the petitioner to make sure the individual "attends" the hearing, unless the attendance is waived:

> **(4)** PRESENCE OF PROPOSED WARD OR WARD. (a) *Adult proposed ward or ward.* The petitioner shall ensure that the proposed ward or ward attends the hearing unless the attendance is waived by the guardian ad litem. In determining whether to waive attendance by the proposed ward or ward, the guardian ad litem shall consider the ability of the proposed ward or ward to understand and meaningfully participate, the effect of the attendance of the proposed ward or ward on his or her physical or psychological health in relation to the importance of the proceeding, and the expressed desires of the proposed ward or ward. If the proposed ward or ward is unable to attend the hearing because of residency in a nursing home or other facility, physical inaccessibility, or a lack of transportation and if the proposed ward or ward, guardian ad litem, advocate counsel, or other interested person so requests, the court shall hold the hearing in a place where the proposed ward or ward may attend.

Sec. 54.44(4)(a).

¶13 As in the guardianship context, an individual who is the subject of a petition for protective placement also has "the right to be present" at the hearing on the petition. *See* WIS. STAT. § 55.10(4) (applying right to be present in WIS. STAT. § 54.42(5) to hearing for protective placement). Using language similar to WIS. STAT. § 54.44(4)(a), § 55.10(2) also requires the petitioner to make sure the individual over whom protective placement is sought "attends" the hearing, unless the attendance is waived:

> **(2)** ATTENDANCE. The petitioner shall ensure that the individual sought to be protected attends the hearing on the

petition unless, after a personal interview, the guardian ad litem waives the attendance and so certifies in writing to the court the specific reasons why the individual is unable to attend. In determining whether to waive attendance by the individual, the guardian ad litem shall consider the ability of the individual to understand and meaningfully participate, the effect of the individual's attendance on his or her physical or psychological health in relation to the importance of the proceeding, and the individual's expressed desires. If the individual is unable to attend a hearing only because of residency in a nursing home or other facility, physical inaccessibility, or lack of transportation, the court shall, if requested by the individual, the individual's guardian ad litem, the individual's counsel, or other interested person, hold the hearing in a place where the individual is able to attend.

Sec. 55.10(2). "Failure to ensure the attendance of the respondent at a hearing absent a valid waiver by the guardian ad litem causes the [circuit] court to lose competency to proceed on the petition." *Joseph S.*, 330 Wis. 2d 737, ¶5.

¶14 P.B.'s appeal raises the question whether her right to "attend" the final hearing entitled her to be physically present in the room where the hearing took place, absent a valid waiver. To answer this question, we must determine the meaning of the phrase "attends the hearing" in WIS. STAT. §§ 54.44(4)(a) and 55.10(2). Neither WIS. STAT. ch. 54 or 55 defines the term "attends," and no published Wisconsin decision has considered its meaning in the context of a proceeding in which the participants appear through video-conference technology. Thus, we look to the word's "common, ordinary, and accepted meaning," *Kalal*, 271 Wis. 2d 633, ¶45, and may consult dictionary definitions in our analysis, *Stroede v. Society Ins.*, 2021 WI 43, ¶12, 397 Wis. 2d 17, 959 N.W.2d 305 ("[W]e often consult a dictionary in order to guide our interpretation of the common, ordinary meanings of words.").

¶15    The definition of "attends" that appears most applicable is "to be present at" or to "go to." *Attend*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (unabr. 1993). Being "present at" or "go[ing] to" a hearing suggests that the individual is physically present at the location where the hearing takes place.[4]

¶16    Other language in WIS. STAT. §§ 54.44(4)(a) and 55.10(2) supports the conclusion that "attends" connotes physical presence. *Kalal*, 271 Wis. 2d 633, ¶46 (statutory language is not construed in isolation, but rather "in the context in which it is used" and "as part of a whole"). Specifically, each statute provides that if the individual cannot attend a hearing "because of residency in a nursing home or other facility, physical inaccessibility, or" lack of transportation, the circuit court must, upon request, "hold the hearing in a place" where the individual can attend. Sec. 54.44(4)(a), 55.10(2). In other words, the statutes require the court to change the location of the hearing if the individual cannot "attend" because of where the individual resides, because the individual cannot physically access the hearing location, or because the individual does not have transportation to the hearing location. The statutory directive to change the location of the hearing if any of these circumstances exists appears intended to ensure the individual can attend the hearing in person.

¶17    P.B. also cites a related statute, WIS. STAT. § 885.60(2)(a), which pertains to a circuit court's use of video conferencing technology. *See Soto*, 343 Wis. 2d 43, ¶21 (identifying § 885.60 as "related" to criminal statute governing presence of a defendant at certain proceedings). Section 885.60 permits the use of

---

[4] Our analysis is equally applicable to the statutory right to be "present" at the hearing, which as relevant here means "being before, beside, with, or in the same place as someone or something." *Present*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (unabr. 1993).

video-conferencing technology in criminal and certain civil proceedings, including protective placement proceedings under WIS. STAT. ch. 55. Importantly, however, § 885.60(2)(a) provides that "a respondent in a [protective placement] matter … is entitled to be physically present in the courtroom at all … dispositional hearings."[5] Consistent with this entitlement, the statute specifies that a court's use of video-conferencing technology is "[s]ubject to" the right to be physically present. Sec. 885.60(1).

¶18 The County notes that "the guardianship and protective placement statutes do not use the term 'physically present,'" unlike WIS. STAT. § 885.60(2)(a). To the extent this observation is intended to mean that the phrase "attends the hearing" means something other than physical presence, we disagree. First, as discussed above, § 885.60(2)(a) affirms that "attends" means that a respondent in a protective placement action is entitled to be physically present at all dispositional hearings. Second, § 885.60 "was fully derived from a Supreme Court rule through a legislative delegation under WIS. STAT. § 751.12." *Soto*, 343 Wis. 2d 43, ¶32 (citing S. CT. ORDER 07-12, 2008 WI 37, 305 Wis. 2d xli (eff. July 1, 2008)). "Section 751.12 prohibits the supreme court from abridging, enlarging or modifying the substantive rights of any litigant when creating a Supreme Court rule under § 751.12(1)." *Soto*, 343 Wis. 2d 43, ¶32. Thus, § 885.60(2)(a) cannot enlarge or diminish the statutory right to "attend" a final hearing under WIS. STAT. chs. 54 and

---

[5] An official comment to Wisconsin Supreme Court Order 07-12, which created subchapter III of WIS. STAT. ch. 885, makes clear that the availability and convenience of video-conferencing technology may not override the right to be physically present at the dispositional hearing: "It is the intent of [WIS. STAT. §] 885.60 to scrupulously protect the rights of criminal defendants and respondents in matters which could result in loss of liberty … by preserving to such litigants the right to be physically present in court at all critical stages of their proceedings." S. CT. ORDER 07-12, 2008 WI 37, 305 Wis. 2d xli, xlvii-xlviii (eff. July 1, 2008).

55. This makes clear that the right recognized in WIS. STAT. §§ 54.44(4)(a) and 55.10(2) is a right to be physically present at the hearing.

¶19 We also consider the purpose and effect of the guardianship and protective placement statutes. *See Soto*, 343 Wis. 2d 43, ¶20. Guardianship and protective placement are statutorily created mechanisms that can result in the significant curtailment of an individual's physical liberty and decision-making authority. Proceedings under these statutes implicate significant liberty interests given the potential extent and duration of these restrictions:

> We have recognized that a "huge liberty interest" is at stake in a protective placement proceeding because [protective placements] "are indefinite in duration and thereby are tantamount to a life sentence to a nursing home or other custodial setting." We have also recognized the restrictions on liberty that are attendant upon a declaration of incompetency in a guardianship proceeding.

*Joseph S.*, 330 Wis. 2d 737, ¶13 (quoting *Walworth County v. Therese B.*, 2003 WI App 223, ¶12, 267 Wis. 2d 310, 671 N.W.2d 377). Not only are the stakes high for the individual, the determinations that must be made to support the appointment of a guardian or protective placement are among the most difficult that "a judge is called upon to make." *See Bryn v. Thompson*, 21 Wis. 2d 24, 28, 123 N.W.2d 505 (1963). Given this difficulty, we construed the predecessor to WIS. STAT. § 54.44(4)(a) as "reflect[ing] a legislative judgment that … a declaration of incompetency and the attendant restrictions on a proposed ward's liberty, not be made without whatever input the proposed ward is able to give." *Knight v. Milwaukee County*, 2002 WI App 194, ¶3, 256 Wis. 2d 1000, 651 N.W.2d 890. WISCONSIN STAT. §§ 54.44(4)(a) and 55.10(2) reflect a similar legislative judgment and protect an individual's right to be physically present in the room where a final guardianship or protective placement hearing is held.

¶20    The County's arguments that physical presence is not required are not persuasive. The County argues that WIS. STAT. § 885.60 allowed it to arrange for P.B. to appear at the hearing by video conference, unless she objected and asserted her right to be physically present. We disagree.

¶21    Again, the use of video-conference technology is expressly "[s]ubject to" an individual's right "to be physically present in the courtroom." WIS. STAT. § 885.60(1), (2)(a). WISCONSIN STAT. §§ 54.44(4)(a) and 55.10(2) require the petitioner to make sure the individual over whom guardianship and protective placement is sought "attends" the hearing, unless the individual's GAL waives that right.[6] Waiver, in this context, requires "some affirmative relinquishment on the part of the holder." *See Soto*, 343 Wis. 2d 43, ¶37. Here, there is no dispute that P.B.'s GAL did not waive her right to attend the hearing. Absent such a waiver, the County acted contrary to the statutes by failing to ensure that P.B. appeared in person.

¶22    Moreover, the specific provision in WIS. STAT. § 885.60 upon which the County relies, § 885.60(2)(d), is not applicable to a respondent's appearance via video conference. Section 885.60(2)(d) addresses an individual's ability to object to the testimony of *other witnesses* being presented via video conference, not his or her own remote appearance. This conclusion flows from the text and structure of the four paragraphs in § 885.60(2). Paragraph (2)(a) recognizes the right of a criminal defendant or a person in certain civil proceedings to be "physically present in the courtroom at all trials and sentencing or dispositional hearings." Sec. 885.60(2)(a). Paragraph (2)(b) permits the proponent of a witness to file a notice of

---

[6] WISCONSIN STAT. § 55.10(2) goes further and requires the guardian ad litem to certify in writing both the individual's waiver and "the specific reasons why the individual is unable to attend."

intent to present the witness's testimony via video conference and gives "[a]ny other party" to the proceeding ten days to file an objection. Sec. 885.60(2)(b). Paragraph (2)(c) states that if a plaintiff or petitioner files an objection, the court "shall determine the objection in the exercise of its discretion" under certain statutory criteria. Sec. 885.60(2)(c). In contrast, paragraph (2)(d) states that if a defendant or respondent files an objection, and the proceeding is one in which "he or she is entitled to be physically present in the courtroom, the court shall sustain the objection." Sec. 885.60(2)(d).

¶23 Our supreme court has explained the intent of these provisions as follows:

> [WISCONSIN STAT. § 885.60] is also intended to preserve constitutional and other rights to confront and effectively cross-examine witnesses. It provides the right to prevent the use of videoconferencing technology to present such adverse witnesses, but rather require that such witnesses be physically produced in the courtroom.

S. CT. ORDER 07-12, 305 Wis. 2d at xlviii. This statement of intent confirms that § 885.60(2) addresses the presentation of witness testimony through video conference, not the attendance of respondents like P.B. The County's failure to ensure the physical presence of P.B. at the hearing, absent a valid waiver by the GAL pursuant to WIS. STAT. §§ 54.44(4)(a) and 55.10(2), "cause[d] the [circuit] court to lose competency to proceed on the petition." *Joseph S.*, 330 Wis. 2d 737, ¶5.

¶24 Finally, the County flags a statement by the circuit court in its written decision that P.B.'s hearing "was conducted during a global pandemic … and videoconference was an option that allowed the [c]ourt to conduct the hearing in a manner protecting all litigants." We note this statement to acknowledge that our

supreme court issued several orders in light of the COVID-19 pandemic that suspended most in-person proceedings in circuit courts, but those orders were terminated effective May 21, 2021, twelve days before the final hearing in this case. *See In Re the Matter of Modification of Circuit Court and Municipal Accommodations that Were Required Because of the COVID-19 Pandemic* (S. Ct. Order issued May 21, 2021). No party has brought to our attention any pandemic-related order that precluded P.B. from being physically present at her final hearing.

## CONCLUSION

¶25 WISCONSIN STAT. §§ 54.44(4)(a) and 55.10(2) afford P.B. the right to be physically present in the courtroom for her final hearing. The County did not fulfill its statutory responsibility to ensure her in-person appearance and her GAL did not waive her right to appear. Accordingly, the circuit court lacked competency to issue the guardianship and protective placement orders. Those orders are vacated, and this case is remanded to the circuit court so that a hearing may be conducted in accordance with these statutes.

*By the Court.*—Orders vacated and cause remanded with directions.