COURT OF APPEALS
DECISION
DATED AND FILED

June 27, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1431**

STATE OF WISCONSIN

Cir. Ct. No. 2018GN26

IN COURT OF APPEALS
DISTRICT I

IN THE MATTER OF THE GUARDIANSHIP AND PROTECTIVE PLACEMENT OF
R. B. L.:

DEPARTMENT ON AGING,

PETITIONER-RESPONDENT,

V.

R. B. L.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: LINDSEY CANONIE GRADY, Judge. *Reversed and cause remanded with directions*.

¶1    DUGAN, J.[1]  R.B.L. appeals an order of the circuit court continuing his protective placement.  On appeal, he argues that the circuit court lost competency to enter the order because the petition for the annual review of his protective placement was filed after the statutory deadline and his physical presence at the annual review hearings was required and not properly waived.  For the reasons set forth below, we reverse the circuit court's order, and the case is remanded with instructions to dismiss the petition.

## BACKGROUND

¶2    R.B.L. is the subject of a guardianship and protective placement that was originally filed on January 12, 2018, with the original guardianship and protective placement orders entered on February 6, 2018.  Since the time of its original filing, R.B.L.'s protective placement has been reviewed and continued, and as relevant to R.B.L.'s first argument, the order continuing protective placement prior to the one on appeal was entered on December 30, 2019. Specifically on appeal, however, R.B.L. challenges the petition for an annual review of his protective placement filed on February 12, 2021, and the corresponding order continuing his protective placement entered on March 7, 2022.

¶3    As relevant to his second argument, R.B.L. objected to the petition for a continuation of his protective placement filed on February 12, 2021.  Also as a part of the annual review proceedings triggered by the February 12, 2021 petition, the appointed guardian ad litem (GAL) filed a report and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

recommendation using court form GN-4110.[2]  On the form, the GAL checked a box indicating that the GAL waived R.B.L.'s attendance.  Specifically, the box that the GAL checked on the form provided:

> I waive the ward's attendance after considering the ability of the ward to understand and meaningfully participate, the effect of the ward's attendance on his/her physical or psychological health in relation to the importance of the proceedings and the ward's expressed desires.  I certify the ward is unable to attend for these specific reasons:_____

The GAL did not provide a specific reason in the blank space provided or file any additional explanation regarding the waiver.

¶4      The circuit court proceeded with the annual review and held three hearings on October 14, 2021, December 13, 2021, and March 7, 2022.  R.B.L. was not physically present at any of the three hearings and appeared remotely, along with the other participants.  Following the hearings, the circuit court entered the March 7, 2022 order continuing R.B.L.'s protective placement.  R.B.L. now appeals that order continuing his protective placement.

## DISCUSSION

¶5      On appeal, R.B.L. raises two arguments in support of his allegation that the circuit court lost its competency to proceed with the annual review of his protective placement.  First, R.B.L. argues that the Department on Aging (DOA) filed the petition for the annual review of his protective placement after the statutory deadline set forth in WIS. STAT. § 55.18(1)(a).  R.B.L. argues that,

---

[2] GN-4110 is a court form entitled Report and Recommendation of Guardian ad Litem (Annual Review) and used by GALs during the annual review process for protective placements.

pursuant to § 55.18(1)(a), "[t]he county department of the individual's county of residence shall … annually review the status of each individual who has been provided protective placement." In connection with this annual review, the statute further provides that the county "shall" complete several listed tasks, including filing a petition for an annual review and a corresponding report, "[n]ot later than the first day of the 11th month after the initial order is made for protective placement for an individual and … annually thereafter." *Id.* Thus, R.B.L. argues that the circuit court lost competency to conduct the annual review of his protective placement because the petition for his annual review filed on February 12, 2021, was filed after the statutory deadline given that the previous order continuing his protective placement was filed on December 30, 2019.

¶6 Second, R.B.L. argues that the GAL did not properly waive his physical presence for the annual review hearings pursuant to WIS. STAT. § 55.10(2). We note that DOA agrees. In fact, DOA concedes that R.B.L.'s physical presence at the annual review hearings was not properly waived and, for this reason, it agrees with R.B.L. that the circuit court lost competency to proceed with the annual review. DOA then argues that the issue concerning R.B.L.'s physical presence is dispositive and that this court need not address R.B.L.'s first argument regarding whether the circuit court lost competency to proceed as a result of the timing of DOA's filing of the petition for annual review. Thus, DOA similarly requests that this court reverse the circuit court's order continuing R.B.L.'s protective placement based on R.B.L.'s second argument.

¶7 This court accepts DOA's concession and concludes that the circuit court lost competency to proceed in this case. The plain language of WIS. STAT. § 55.10(2) requires that the GAL provide a written certification containing the reasons an individual is unable to attend a review hearing.

4

¶8 "Failure to ensure the attendance of the respondent at a hearing absent a valid waiver by the guardian ad litem causes the trial court to lose competency to proceed on the petition." ***Jefferson Cnty. v. Joseph S.***, 2010 WI App 160, ¶5, 330 Wis. 2d 737, 795 N.W.2d 450; *see also* ***Knight v. Milwaukee Cnty.***, 2002 WI App 194, ¶5, 256 Wis. 2d 1000, 651 N.W.2d 890. Accordingly, this court reverses the circuit court's order continuing R.B.L.'s protective placement because the circuit court lost its competency to proceed on the petition to continue R.B.L.'s protective placement.

¶9 R.B.L. further requests that this court remand with directions to dismiss the petition. By contrast, DOA cites to ***Racine County v. P.B.***, 2022 WI App 62, 405 Wis. 2d 383, 983 N.W.2d 721, and requests that this court remand with directions to hold a hearing at which R.B.L. is physically present. DOA states that R.B.L. is "entitled to the same remedy regardless of whether one or both issues may be decided in his favor." However, by failing to respond to R.B.L.'s argument that the circuit court's order be reversed and the petition be dismissed as a result of the petition being filed late, DOA has conceded R.B.L.'s argument on this point. *See* ***Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.***, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (failure to refute an argument constitutes a concession). In light of DOA's concession as to R.B.L.'s first argument, this court remands with instructions to dismiss the petition.[3] As

---

[3] This court reaches no conclusion regarding R.B.L.'s argument that the petition was filed after a mandatory statutory deadline—it is only concluding that DOA conceded R.B.L.'s argument. Moreover, if DOA is considering its statement that R.B.L. is "entitled to the same remedy regardless of whether one or both issues may be decided in his favor" to be an argument on that issue, the argument is undeveloped, and this court does not consider it. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

R.B.L. observes, if R.B.L. continues to meet the requirements for protective placement, DOA may file a new petition for protective placement.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.