James KISER, Gloria A. Kiser, Terry Kiser,
Ronald M. Phillips, OEC Graphics Profit
Sharing, Savings, and Investment Plan & Trust
c/o Jack Schloesser, John J. Keller, Edith D.
Keller, J.J. Keller & Associates Profit Sharing
Plan, Donald Jorgenson, Donald Jorgenson, IRA,
Beatrice Jorgenson and Beatrice Jorgenson, IRA,
Plaintiffs-Respondents,

v.

J. Peter JUNGBACKER, Wayne C. Chaney,
Century Capitol Group, Century Capital Group,
Ltd., Capital Management Group, Inc. and
CCG Development, Ltd., Defendants-Appellants,

CENTURY INCOME PROPERTIES FUND I LIMITED
PARTNERSHIP, Nominal Defendant.

Court of Appeals

*No. 2007AP853. Submitted on briefs January 1, 2008.
—Decided May 7, 2008.*

2008 WI App 88

(Also reported in 754 N.W.2d 180.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Ralph A. Weber*, and *David J. Turek*, of *Gass Weber Mullins LLC*. of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Charles J. Hertel* and *Daniel J. Posanski*, of *Dempsey, Williamson, Kelly & Hertel, LLP.* of Oshkosh.

Before Brown, C.J., Snyder and Neubauer, JJ.

¶ 1. NEUBAUER, J.   The appeal in this class action springs from the award of attorney fees and costs in the settlement liquidating a commercial real estate investment limited partnership. The general partner and its general partners and affiliated entities appeal from the order approving the class action settlement and awarding attorney fees and costs, specifically challenging only the fees and costs. We conclude that the appellants do not have standing to appeal because they are not "aggrieved." We affirm, but remand for the trial court to address the matter of an unpaid discovery sanction imposed earlier against the certified class and its attorneys.

¶ 2.   The essential facts are not in dispute. In September 2004, a group of limited partners[1] who owned partnership units in Century Income Properties Fund I Limited Partnership sued the general partner, Century Capital Group; Century Capital Group's general partners, J. Peter Jungbacker and Wayne C. Chaney; and affiliated companies Century Capital

---

[1] The named limited partners are James Kiser; Gloria A. Kiser; Terry Kiser; Ronald M. Phillips; OEC Graphics Profit Sharing, Savings, and Investment Plan & Trust c/o Jack Schloesser; John J. Keller; Edith D. Keller; J.J. Keller & Associates Profit Sharing Plan; Donald Jorgenson; Donald Jorgenson, IRA; Beatrice Jorgenson and Beatrice Jorgenson, IRA.

Group, Century Capital Group, Ltd., Capital Management Group, Inc. and CCG Development Ltd. (collectively, Century Capital). In 2002, Century Capital successfully solicited the limited partners' vote to approve a sale of the partnership's main asset, a shopping center, for $250 per unit of interest. The limited partners agreed to the sale so as to liquidate the partnership and the parties ultimately agreed to a payment of $281 per unit of interest. Century Capital itself bought the property and renovated it, but did not pay the limited partners, and the limited partnership did not liquidate.

¶ 3.   The limited partners then brought this action as a proposed class action under Wis. Stat. § 803.08 (2005–06)[2] on behalf of approximately 360 similarly situated persons. Over Century Capital's objection, the plaintiffs were certified as a class in June 2005.[3] The class alleged that Century Capital had breached its fiduciary duties and the contract formed when the parties agreed to sell the shopping center and that, instead of marketing the shopping center to the highest bidder, Century Capital itself purchased and renovated the real estate on terms favorable to itself. The class sought (1) a declaration that the contract agreeing to sell the property was null and void, (2) a formal accounting, (3) dissolution of the partnership and appointment of a receiver, and (4) payment of legal expenses. A jury trial was set for January 2007.

¶ 4.   In November 2006, the parties resolved the class's claims at a court-ordered mediation and reached a settlement agreement. In exchange for release of its liability, Century Capital agreed to pay over $3 million

---

[2] All references to the Wisconsin Statutes are to the 2005–06 version.

[3] None of the defendants is a member of the class.

into a fund, representing payment to class members of $525 per unit of interest in the partnership. In exchange, class members agreed to relinquish their interests in the partnership and shopping center. The settlement offer reflected a $275–per-unit increase over the amount Century Capital offered when it first solicited the limited partners' votes on liquidating the partnership in 2002.

¶ 5.   The circuit court gave preliminary approval to the proposed settlement, ordered that the class be notified, and set a hearing date for final approval of the settlement and to determine class counsels' attorney fees and costs. The "Court Approved Notice of Proposed Settlement" informed the class of the terms of the settlement and that class counsel intended to request one-third of the $275–per-unit increase as fees, and reimbursement from the fund of its out-of-pocket expenses over the past four years, not to exceed $50,000. It also advised class members of their right to object to either the settlement or the requested attorney fees and the procedure by which they could do so.

¶ 6.   At the final approval hearing on December 15, 2006, class counsel did not provide a particularized fee petition to the court. Class counsel informed the court, however, that class members had been actively involved in the settlement and that the feedback generated was "one hundred percent positive." Century Capital argued that Wisconsin ethical rules require contingency fee agreements to be in writing, that the notice did not fully inform the class, and that no evidence supported the reasonableness of their fee request. Century Capital maintained that the $275–per-unit increase was not due to class counsel's efforts but was an attempt to capitalize on the Partnership's appreciation in value resulting from the

shopping center renovation, which the class had opposed. Class counsel responded that Century Capital did not have standing to challenge the attorney fees, that Century Capital had contributed to the drafting of the final notice and jointly approved it, that the class was pleased with the result on the complex case, and that the fee percentage was common in contingency litigation. The court approved the settlement as reasonable and fair to all parties and, so as to review the parties' briefs, took the attorney fees matter under advisement.

¶ 7.   Soon thereafter, the court issued its decision granting class counsel's attorney fee request. It stated:

> After listening to oral argument and considering the parties' letter briefs the court is ordering attorney fees to [class counsel] as found in the Class Notice and requested by [class counsel]. There have [been] no objections by any party until the last minute and the sole objection was by [Century Capital] who joined in the request of the court to approve the settlement between the party and the class members. Therefore, the settlement is approved with the inclusion of all requested attorney's fees.

¶ 8.   The trial court then entered an order approving the settlement, confirming the attorney fees award and dismissing the action. The order also released all claims against Century Capital and provided that Century Capital had no obligation to pay any of class counsel's fees, costs or expenses. Although Century Capital raised the issue at the final approval hearing, neither the decision nor the order approving the settlement referred to a still-unpaid $1500 discovery sanction the court previously levied against the class and its counsel for failing to timely identify experts or to file expert reports.

¶ 9. Century Capital filed a notice of appeal. The class moved to dismiss the appeal on the grounds that Century Capital did not have standing to challenge the attorney fees award and that the settlement satisfied and precluded collection of the discovery sanction. This court denied the motion. Century Capital then filed this appeal.

## DISCUSSION

¶ 10. The trial court awarded $520,000 in attorney fees and $50,000 in costs from the approximately $3 million settlement fund. Century Capital challenges the award as unreasonable, unsupported, and not in the class's best interest. Rightly anticipating that the class would renew its contention that Century Capital has no standing to appeal, Century Capital preemptively argues it has standing to object because, as general partner, it has fiduciary obligations to see its limited partners, the class members, through liquidation. The trial court and the class each mentioned the issue before the trial court but the class did not pursue it and the court did not decide it. We address it here because the determination of standing presents a question of law, *Zellner v. Cedarburg School District*, 2007 WI 53, ¶ 14, 300 Wis. 2d 290, 731 N.W.2d 240, and the parties have fully briefed the issue.[4] Moreover, although standing is not a requirement in Wisconsin in terms of

---

[4] The fact that the District II motions judge denied the class's motion to dismiss the appeal for lack of standing does not prevent this panel from considering the merits of standing as an appellate issue. *See Knight v. Milwaukee County*, 2001 WI App 147, ¶¶ 12–13, 246 Wis. 2d 691, 633 N.W.2d 222, *rev'd on other grounds*, 2002 WI 27, 251 Wis. 2d 10, 640 N.W.2d 773. Under this court's internal operating procedures, the panel, not the

jurisdiction, we view it as a matter of sound judicial policy. *See Zehetner v. Chrysler Fin. Co., LLC*, 2004 WI App 80, ¶ 12, 272 Wis. 2d 628, 679 N.W.2d 919.

¶ 11. The issue presented is whether Century Capital has standing to appeal the award to class counsel of attorney fees and costs from an established settlement fund. The rule is that a person may not appeal from a judgment or order unless aggrieved by it. *See Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341, 345, 501 N.W.2d 465 (Ct. App. 1993). A person is aggrieved if the judgment or order bears "directly and injuriously" upon his or her interests and affects the person "in some appreciable manner." *See id.*

¶ 12. The essence of the standing inquiry is whether the party seeking review has alleged a personal stake in the outcome of the controversy. *See Bence v. City of* Milwaukee, 107 Wis. 2d 469, 479, 320 N.W.2d 199 (1982). This requires a "distinct and palpable injury" to the appellant, and also a " 'fairly traceable' causal connection between the claimed injury and the challenged conduct." *Id.* (citation omitted). The right to appeal from this order remains limited to a party aggrieved "in some appreciable manner." *See Tierney v. Lacenski*, 114 Wis. 2d 298, 302, 338 N.W.2d 522 (Ct. App. 1983). Century Capital concedes that it has no financial stake in the amount of fees awarded to class

motions judge, "considers motions . . . that preclude the merits from being reached." Wis. Ct. App. IOP VI(3)(c) (Nov. 1, 2006). Moreover, a three-judge panel of the court of appeals assigned to hear an appeal is not bound by a decision of the motions judge. *Knight*, 246 Wis. 2d 691, ¶ 14. Finally, we view the motions judge's ruling as more a decision to have the issue fully briefed rather than handled as a motion to dismiss.

counsel out of the settlement fund. Its liability is limited to the approximately $3 million settlement paid to the class, as the attorney fees are to be taken from the settlement payments. Thus, Century Capital's only alleged basis for standing is its claimed fiduciary obligation to the class to ensure that the most money possible could end up in the limited partners' pockets. This does not support standing to appeal under Wisconsin law.

¶ 13. We have found no case law in Wisconsin or anywhere suggesting that an adverse party has standing to prosecute an appeal based on a claim of aggrievement of its fiduciary duty. Century Capital submits *Jackson v. United States*, 881 F.2d 707 (9th Cir. 1989), but it involved an illegal fee contract in a nonclass action context. There, Jackson filed a claim against the government for medical malpractice at a naval hospital. *Id.* at 708. The court held that the government, although it "otherwise lack[ed] an interest in the outcome," had standing to draw the court's attention to Jackson's lawyer's illegal fees, an entirely different analysis not applicable here. *See id.* at 708, 710.

¶ 14. Century Capital submits other cases it asserts hold that an objector need not have a remediable economic interest. These cases likewise do not persuade us that Century Capital has standing to appeal. In *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1324–25 (9th Cir. 1999), a class member successfully objected in an earlier appeal to class counsel's attorney fees. On remand, the fees were reduced, and other class members then appealed, challenging the objector's standing to initially appeal. *Id.* at 1325–26. The court held that a court's duty to ensure that the amount and mode of payment of attorneys' fees are fair and proper exists independently of whether an objector has a

630

remediable economic stake in the court's decision. *Id.* at 1328–29. In *Welch & Forbes, Inc. v. Cendant Corp.*, 243 F.3d 722, 727–28 (3rd Cir. 2001), which itself cited to *Zucker*, the court allowed a class member without a direct financial stake in the award to appeal. The court noted, however, that the class members may not receive the full anticipated value of the recovery. The court further noted that, in the class action context, it is possible that the class members' claims may have been impacted in the process of simultaneously settling the claims and the fee award. *Welch & Forbes*, 243 F.3d at 727–28.

¶ 15. Century Capital extrapolates from these holdings that any objector, financial interest or not, class member or not, can invoke judicial review of fee awards. We heartily disagree. We read *Zucker* and *Welch & Forbes* as recognizing that class action settlements create a unique dynamic. In the settlement process, formerly allied class counsel and class members often become claimants against the same fund. The concern is that a *class member's* claim may have been "reduced or in some way affected in exchange for large fee awards." *Welch & Forbes*, 243 F.3d at 727–28; *see Zucker*, 192 F.3d at 1327. These federal courts reviewed the claims of an objecting *class member* to ensure that class members and counsel both are treated fairly so as to safeguard the integrity of the class action process. We simply do not read these cases as abolishing the fundamental requirement—at least under Wisconsin law—that an appellant be aggrieved, or as broadening the concept of standing to an adverse party like Century Capital. If we are wrong, those cases do not bind us, because interpretations of federal class action law do not necessarily control in Wisconsin class action mat-

ters. *See Mercury Records Prods. v. Economic Consultants, Inc.*, 91 Wis. 2d 482, 491, 283 N.W.2d 613 (Ct. App. 1979).

¶ 16.   In short, none of Century Capital's arguments or authorities shores up its position that it has standing to appeal by virtue of the fiduciary duty it, as a general partner, once owed its limited partners.[5] Century Capital and class counsel worked together to prepare the class notice for distribution to class members. When the parties submitted the class notice to the court, Century Capital expressly stated that it was "agreeable to" and had "no objection to the notice that was submitted for the Court's review." The notice plainly explained the settlement terms, class counsels' fees and how class members could object and get more information. Not one class member objected to the settlement or to class counsel's proposed fees or expenses. In fact, *the notice to the class generated only favorable feedback.*

¶ 17.   Since Century Capital did not appeal the settlement portion of the order, it no longer has any interest in any part of the fund; the class members are

---

[5] Century Capital looks to Wɪs. Sᴛᴀᴛ. 178.18(1), which provides:

> Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him or her without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him or her of partnership property.

We agree with the class that Wɪs. Sᴛᴀᴛ. § 178.18(1) holds a partner accountable to the partnership for any benefit he or she derives without the other partners' consent and that this caution applies from the partnership's formation through its liquidation. We also agree that the statute has no applicability to this class action settlement.

the equitable owners of it. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 481 (1980). We simply are unwilling to extend standing to any challenger, any time, who lacks any protectible interest.

█

¶ 18.    We also think it important to briefly address Century Capital's contention that a circuit court owes a "special fiduciary obligation" when considering class counsels' fee request.[6] We agree that the circuit court has a judicial duty to ensure that the award of costs and fees is reasonable. Our supreme court has said that the duty entails considering twelve factors that assess, generally stated, the characteristics of the case, the expertise and effort of the lawyer, the contract, and the result. *See Wisconsin Retired Teachers Ass'n v. Employe Trust Funds Bd.*, 207 Wis. 2d 1, 38–39, 558 N.W.2d 83 (1997). It has not termed it a "fiduciary" obligation, however. To decide that Wisconsin trial courts have a fiduciary obligation to a party is a leap we see no basis for making; in any case, such a pronouncement is for

---

[6] Century Capital cites FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION, § 14.231 (4th ed. 2004), as authority that a trial court has a "special fiduciary obligation" to class members. We note, however, that the introduction to the MANUAL offers this caution:

> Users should keep in mind several things about this edition. First, it is not, and should not be cited as, authoritative legal . . . policy . . . . The *Manual's* recommendations and suggestions are merely that. As always, the management of any matter is within the discretion of the trial judge.

Also, as noted earlier, case law describing a trial court's "fiduciary duty" is not binding on this court because interpretations of federal class action law do not necessarily control on Wisconsin class action matters. *See Mercury Record Prods., Inc. v. Economic Consultants, Inc.*, 91 Wis. 2d 482, 491, 283 N.W.2d 613 (Ct. App. 1979).

our supreme court, not this court, to make. *See Cook v. Cook*, 208 Wis. 2d 166, 188–89, 560 N.W.2d 246 (1997). Even so, a party in Century Capital's position simply has no standing to raise it.

■

¶ 19.   Having concluded that Century Capital has no standing, we decline to address the merits of the trial court's exercise of discretion. We will say this, however:   nothing about the proceedings below raises a red flag to us. Over the years of this litigation, the trial court presided over numerous hearings and received reams of pages of filings. It heard oral arguments on the fee issue, was presented with briefs and took the matter under advisement. Century Capital helped prepare the notice to the class describing the fee structure and told the court it found the notice acceptable.

¶ 20.   We have studied the cases and combed the record. We cannot fathom how an award to class counsel, satisfactory to class members, in any way bears "directly and injuriously" upon Century Capital's interests. *See Weina*, 177 Wis. 2d at 345. It simply is not "aggrieved." Any fiduciary relationship that once existed between Century Capital and the class is over. In this dispute, they are adversaries, pure and simple.

■

¶ 21.   Last is the $1500 discovery sanction the circuit court levied against the class and class counsel. The sanction remains unsatisfied and was not mentioned in the final order. Class counsel argues that Century Capital waived the issue by failing to make a motion, formally or informally, to bring it to the circuit court's attention. Even if Century Capital did not preserve the issue, the waiver rule is a rule of judicial administration, not authority. *See State v. Freymiller*, 2007 WI App 6, ¶ 17, 298 Wis. 2d 333, 727 N.W.2d 334.

We opt in our discretion to disregard any waiver and remand for the circuit court to address the sanction.

*By the Court.*—Order affirmed and cause remanded with directions.