In the INTEREST OF DYLAN S., a person under the age of 17: STATE of Wisconsin, Petitioner-Respondent,

v.

DYLAN S., Respondent-Appellant.

In the INTEREST OF RENEE B., a person under the age of 17: STATE of Wisconsin, Petitioner-Respondent,

v.

RENEE B., Respondent-Appellant.

Court of Appeals

*Nos. 2011AP1338, 2011AP1339. Submitted on briefs January 10, 2012.—Decided January 24, 2012.*

2012 WI App 25

(Also reported in 813 N.W.2d 229.)

443

On behalf of the respondent-appellant, Dylan S., the cause was submitted on the briefs of *Devon M. Lee*, assistant state public defender of Madison.

On behalf of the respondent-appellant, *Renee B.*, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the briefs of *Stacy Doucette*, Special Prosecutor, of Appleton.

Before Hoover, P.J., Peterson and Mangerson, JJ.

¶ 1. PETERSON, J. In these consolidated appeals,[1] Dylan S. and Renee B. appeal orders sanctioning them for failing to comply with conditions imposed after they were found to have violated a municipal truancy ordinance. *See* WIS. STAT. § 938.355(6m)(ag). Dylan and Renee raise multiple arguments regarding the circuit court's sanctions procedure, contending that the court contravened several statutory provisions and violated their due process rights. We agree with Dylan and Renee's argument that the court lacked statutory authority to sanction them because it never entered written dispositional orders after finding that they violated the truancy ordinance. We therefore reverse the sanctions orders.

## BACKGROUND

*Dylan S.*

¶ 2. On November 5, 2010, Dylan S. was cited for first-offense truancy, in violation of Appleton City Ordinance § 10–42(b). *See* APPLETON, WIS., ORDINANCES § 10–42(b). A hearing on the citation was held on December 10, 2010,[2] but Dylan failed to appear. Consequently, the court entered a default judgment against

---

[1] This court, on its own motion, consolidated these appeals by order dated September 29, 2011. *See* WIS. STAT. RULE 809.10(3). The chief judge of the court of appeals converted these appeals from appeals decided by one judge to a three-judge panel by order dated September 29, 2011. *See* WIS. STAT. RULE 809.41(3).

All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[2] There is some ambiguity in the record as to whether this hearing occurred on December 10, 2010 or December 12, 2010. The hearing transcript states that the hearing occurred on

Dylan and adjudicated him guilty. As a penalty, the court imposed "a forfeiture plus costs" totaling $200.50. In the alternative, the court ordered Dylan to complete twenty hours of community service. The court also ordered Dylan to attend school. The court set a hearing for January 7, 2011 to review Dylan's compliance with these conditions. The court's oral ruling was memorialized on a form entitled "Minutes." However, the court never entered a written dispositional order.

¶ 3. Dylan appeared at the January 7 hearing. He had not paid the $200.50 or completed any community service hours. However, Dylan's attorney indicated that Dylan could complete the community service hours before the next review hearing on January 28. The court explained that at that hearing it would review whether Dylan had paid the forfeiture or completed the community service hours and whether Dylan had perfect school attendance. The court then stated, "If . . . those things [are] not done, then I'm going to refer you for a sanctions hearing. And those sanctions include many things, including electronic monitoring, house arrest, secure custody, shelter care, and other consequences." Again, the court memorialized its oral ruling on a "minutes" sheet but did not enter any written dispositional order.

¶ 4. As of the January 28 hearing, Dylan had completed only ten hours of community service, and his school attendance had not been perfect. The Appleton city attorney informed the court that she planned to file a motion for sanctions. The court then found that Dylan had failed to comply with the court's orders to

December 12, but the notice of hearing and minutes sheet reflect a December 10 hearing date. The parties agree that the hearing occurred on December 10, so we assume that date is correct.

attend school and to complete twenty hours of community service. The court scheduled a sanctions hearing. On February 2, the city attorney, acting as a special prosecutor for the State, formally moved for sanctions against Dylan.[3]

¶ 5. A sanctions hearing was held on February 9. The court found that Dylan had completed twenty hours of community service but had not had perfect school attendance since the previous hearing. As a sanction, the court imposed and stayed thirty days of home detention with electronic monitoring, pending Dylan's successful completion of the school year without any unexcused absences or tardies. The court entered a written sanctions order reflecting its oral ruling.

¶ 6. At a review hearing on February 25, the court examined Dylan's attendance record and concluded he had been tardy twelve times since the sanctions hearing. Accordingly, the court ordered Dylan to begin serving the previously imposed home detention with electronic monitoring. Dylan's attorney moved to stay imposition of the sanction pending appeal, but his motion was denied.

*Renee B.*

¶ 7. Like Dylan, Renee B. was cited for first-offense truancy in violation of Appleton City Ordinance § 10–42(b). Renee appeared before the court on December 10, 2010, unrepresented by counsel, and pled guilty to the truancy citation. The court accepted her plea and adjudicated her guilty of truancy. As a penalty, the court

---

[3] At the Outagamie County district attorney's request, the circuit court appointed the city attorney as a special prosecutor for the purpose of seeking sanctions against Dylan. *See* Wis. Stat. § 978.045.

ordered Renee to pay "a forfeiture and costs" totaling $200.50, or to complete twenty hours of community service. The court also ordered Renee to attend school. She was ordered to return to court on January 7, 2011 for a review hearing. The court warned Renee that if she did not comply with the court's orders by January 7, "what I'm going to do is move that sanctions be imposed on you based on your failure to comply with the Court order." The court also told Renee that the sanctions could include house arrest, electronic monitoring, secure custody, shelter care, or "other consequences."

¶ 8. As in Dylan's case, the court's truancy adjudication and disposition were memorialized on a "minutes" form, a copy of which was given to Renee at the end of the December 10 hearing. However, the court never entered a written dispositional order.

¶ 9. Renee failed to appear at the January 7, 2011 review hearing. When she next appeared in court on January 28, she admitted to the court that she had not paid the $200.50 or completed twenty hours of community service. The court also examined Renee's school attendance record, which showed multiple unexcused absences since the last hearing. The city attorney informed the court that she was "looking at doing sanctions on [Renee]." Then, although the city attorney had not yet filed a motion for sanctions, the court stated, "I'm going to find that you have violated my court orders in several ways." Specifically, the court stated:

> First of all, I find that you haven't paid the forfeiture amount of $200.50 that was due on January 7. Second, you haven't done any of the hours of community service that would have been completed in lieu of that forfeiture. Third, . . . you have failed to attend school every day every class on time.

¶ 10. The court went on to find that Renee's "failures to comply with my court orders have been intentional, they've been willful, and they've been purposely in violation of what was ordered . . . ." Finally, the court told Renee, "And based upon that, [there are] going to be sanctions imposed upon you or there'll be a sanctions hearing scheduled to determine if sanctions are appropriate for your failure to comply with the court orders." The court warned Renee that sanctions could include house arrest, electronic monitoring, secure custody, shelter care, "or other sanctions that the Court thinks [are] appropriate."

¶ 11. Renee next appeared in court on February 7, 2011. She was, for the first time, represented by counsel. During the hearing, the city attorney, acting as a special prosecutor for the State, filed a motion for sanctions.[4] The court then stated, "I'm going to find today just so it's clear to everybody that you continue to be in violation of my orders[.]" The court went on to address particular sanctions, stating its desire to "get [Renee] on the electronic monitoring or some other consequence or whatever the sanction is going to be[.]"

¶ 12. Two days later, on February 9, the court held a sanctions hearing. Renee's counsel asked the court for a continuance, noting that she would like to obtain transcripts from the prior hearings "so I have a better reflection of what's happened and so that I can be sure going into a sanction hearing that I wouldn't have any objections to make to any of the proceedings that had taken place prior to today's hearing." The court denied counsel's request.

---

[4] As in Dylan's case, the circuit court granted the district attorney's request to appoint the city attorney as a special prosecutor for the purpose of pursuing sanctions against Renee. *See* Wis. Stat. § 978.045.

¶ 13. Renee's attorney then asked the court to recuse itself. She explained, "I know the Court did mention wanting to get things moving in order to get [Renee] on [electronic monitoring] . . . but my concern here is that there may have been some prejudgment on what was going to take place with [Renee] prior to today's hearing." The court denied the recusal motion, stating that it did not know what it was going to decide during the sanctions hearing and was not predisposed to electronic monitoring.

¶ 14. The State then called David Mueller, an associate principal at Appleton North High School, who reviewed Renee's attendance record and noted she had multiple unexcused absences. Renee's counsel indicated that Renee had not completed her community service hours. The court then found that Renee had violated its order and sanctioned her to thirty days of home detention with electronic monitoring. It denied her request to stay the sanction pending appeal. Two days later, the court entered a written sanctions order.

## DISCUSSION

¶ 15. On appeal, Dylan and Renee contend that the court's sanctions orders were improper because the court failed to comply with the statutory procedures governing municipal truancy cases. Both Dylan and Renee concede that, because they have already served their thirty-day home detention sanctions, the issue of the sanctions' validity is moot. They nevertheless argue that we should address the issue because it is "capable and likely of repetition and yet evades review." *See G.S. v. State*, 118 Wis. 2d 803, 805, 348 N.W.2d 181 (1984). They contend that "truancy-based sanctions orders will almost always involve consequences that will be completed in the short-term" and that "it is difficult for the

appellate process to be completed within the time that would have a practical effect on the parties[.]" We agree. We also note that the State does not argue we should decline to address Dylan and Renee's arguments on mootness grounds.

¶ 16. Interpretation of statutes and their application to particular facts are questions of law, which we review independently. *State v. Jason R.N.*, 201 Wis. 2d 646, 650, 549 N.W.2d 752 (Ct. App. 1996). WISCONSIN STAT. § 118.163(1m) provides that a municipality may enact an ordinance prohibiting a person under age eighteen from being a truant. The City of Appleton enacted such an ordinance. *See* APPLETON, WIS., ORDINANCES § 10–42(b). At the time Dylan's and Renee's citations were issued, the Appleton ordinance permitted two penalties for first-time truancy violations: (1) a forfeiture of not more than fifty dollars plus costs; and (2) an order for the juvenile to attend school. *See* APPLETON, WIS., ORDINANCES § 10–42(c).[5]

¶ 17. A circuit court judge hearing a municipal truancy case is acting as a juvenile court, and the case is governed by WIS. STAT. ch. 938. *See* WIS. STAT. §§ 938.125, 938.17(2). The procedures for issuing a municipal truancy citation and taking a plea on the citation are found at WIS. STAT. § 938.237. *See* WIS. STAT. § 938.17(2)(c) (noting that the procedures in § 938.237 apply). The procedures for holding a dispositional hearing and entering a final dispositional order are governed by WIS. STAT. §§ 938.342, 938.35 and 938.355. As

---

[5] Appleton City Ordinance § 10–42(c) has since been amended to allow for additional penalties. However, the parties agree that, under the version applicable to this case, the only permitted penalties were a $50 forfeiture plus costs and an order to attend school.

relevant to this case, a dispositional order "shall be in writing and shall contain . . . [a] statement of the conditions with which the juvenile is required to comply." Wis. Stat. § 938.355(2)(b)7.

¶ 18. After a dispositional order has been entered, either the district attorney or the court may file a motion for imposition of sanctions, alleging that the juvenile has not complied with the dispositional order's conditions. Wis. Stat. § 938.355(6m)(ag), (b). However, "[i]f the court initiates the motion, that court is disqualified from holding a hearing on the motion." Wis. Stat. § 938.355(6m)(b). A sanctions hearing must be held within fifteen days after the motion for sanctions is filed. Wis. Stat. § 938.355(6m)(c). The juvenile has a right to be represented by counsel and to present evidence at the sanctions hearing. *Id.*

¶ 19. At the sanctions hearing, the State has the burden of proving by a preponderance of the evidence that the juvenile violated a condition of the dispositional order. Wis. Stat. § 938.355(6m)(ag). If the court finds a violation, it may order one or more of the following sanctions:

1. suspension of the juvenile's operating privileges;

2. participation in counseling, a supervised work program, or other community service work;

3. home detention;

4. participation in an educational program;

5. revocation of a work permit;

6. placement in a teen court program;

7. attendance at school;

8. payment of a $500 forfeiture plus costs;

9. compliance with a curfew or other reasonable conditions;

10. placement on formal or informal supervision for up to one year;

11. that the juvenile report to a youth report center; and

12. participation in counseling by the juvenile's parents.

*See* WIS. STAT. §§ 938.342(1g)(b)-(k), 938.342(1m), 938.355(6m)(a)1m., 938.355(6m)(ag).

¶ 20. Dylan and Renee argue the circuit court violated these statutory provisions in several ways. First, they contend that the court lacked statutory authority to sanction them because the court never entered written dispositional orders that could serve as a basis for sanctions. We agree. Under WIS. STAT. § 938.355(6m)(ag), a court may sanction a juvenile who has been adjudicated truant if it finds by a preponderance of the evidence that the juvenile violated a condition of the dispositional order. WISCONSIN STAT. § 938.355(2)(b) states that the dispositional order "*shall* be in writing[.]" (Emphasis added.)

¶ 21. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting *Seider v. O'Connell*, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659). The language of WIS. STAT. §§ 938.355(2)(b) and 938.355(6m)(ag) is clear—to impose sanctions, a court must find that the juvenile violated a dispositional order, and the dispositional order must have been in

writing. Here, although the circuit court found that both Dylan and Renee violated dispositional orders, no written dispositional orders were ever entered. Accordingly, the court lacked statutory authority to sanction Dylan and Renee, and the sanctions orders must be reversed.

¶ 22. The State concedes that a written dispositional order is required for a court to impose sanctions under Wis. Stat. § 938.355(6m)(ag). However, the State argues written dispositional orders existed in Dylan's and Renee's cases because "[f]or efficiency purposes, the court combined the minutes with the dispositional order[s]." Therefore, the State contends the "minutes" sheets from Dylan's January 7, 2011 hearing and Renee's December 10, 2010 hearing "served as the dispositional order[s]."

¶ 23. We disagree. A minutes sheet is not a court order. A court order must be signed by a judge. *See* Wis. Stat. § 807.11(1). The circuit court did not sign the minutes sheets in Dylan's and Renee's cases.

¶ 24. The State next argues that, even if the minutes sheets do not qualify as written dispositional orders, Dylan and Renee failed to object to the format of the minutes sheets and, accordingly, cannot raise the issue on appeal. *See State v. Huebner*, 2000 WI 59, ¶ 10, 235 Wis. 2d 486, 611 N.W.2d 727 ("Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal."). However, we agree with Dylan and Renee that, because the minutes sheets themselves do not indicate that they are court orders, Dylan and Renee would not have known to object to the format of the "orders." Furthermore, the forfeiture rule is one of judicial administration, and appellate courts have the authority to

ignore a forfeiture when a case presents an important recurring issue. *See Olmsted v. Circuit Court for Dane Cnty.*, 2000 WI App 261, ¶ 12, 240 Wis. 2d 197, 622 N.W.2d 29. This case presents an important recurring issue and therefore merits a decision.

¶ 25. Because we conclude the circuit court improperly sanctioned Dylan and Renee without first entering written dispositional orders, we need not address Dylan and Renee's remaining statutory arguments or their argument that the sanctions procedure violated their due process rights. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W.2d 663 (1938) (only dispositive issues need be addressed). However, we exercise our discretion to reach two of these additional arguments because they present recurring issues and are of sufficient public importance.

■■■■

¶ 26. First, Dylan and Renee argue that the court lacked statutory authority to order electronic monitoring as a sanction. They correctly note that the statutes contain a list of permitted sanctions, and electronic monitoring is not one of them. *See* WIS. STAT. §§ 938.342(1g)(b)-(k), 938.342(1m), 938.355(6m)(a)1m., 938.355(6m)(ag). Where a statute lists items included in its purview, omission of an item is evidence that the legislature intended to exclude it. *See Gottlieb v. City of Milwaukee*, 90 Wis. 2d 86, 95, 279 N.W.2d 479 (Ct. App. 1979). Moreover, the juvenile code "is a chapter of carefully spelled out definitions and enumerated powers." *See State ex rel. Harris v. Larson*, 64 Wis. 2d 521, 527, 219 N.W.2d 335 (1974). Its language is "carefully drawn to circumscribe judicial and administrative action." *See id.* "[I]n short, if the legislature did not specifically confer a power, it is evidence of legislative intent not to permit the exercise of the power." *See id.*

¶ 27. Renee also argues that, in her case, the circuit court was required to disqualify itself under Wis. Stat. § 938.355(6m)(b) after it "initiated the sanctions motion" against her. Pursuant to § 938.355(6m)(b), the first step in imposing sanctions against a juvenile is the filing of a motion for sanctions. Either the court or the district attorney may initiate the motion, but if the court does so it is "disqualified from holding a hearing on the motion." Wis. Stat. § 938.355(6m)(b).

¶ 28. Renee points out that, during the January 28, 2011 hearing, the city attorney informed the court that she was "looking at doing sanctions on [Renee]." Although the city attorney had not yet filed a motion for sanctions, the court then stated, "I'm going to find that you have violated my court orders in several ways" and went on to list specific ways in which Renee had violated its dispositional order. The court then found that Renee's "failures to comply with my court orders have been intentional, they've been willful, and they've been purposely in violation of what was ordered . . . ." Finally, the court told Renee, "And based upon that, [there are] going to be sanctions imposed upon you or there'll be a sanctions hearing scheduled to determine if sanctions are appropriate for your failure to comply with the court orders."

¶ 29. Thus, before any motion for sanctions was filed, the court specifically found that Renee had violated its order and indicated that she might be sanctioned for the violation. We agree with Renee that the court's findings at the January 28 hearing arguably constitute the initiation of a sanctions motion, in which case the court would have been required to disqualify itself from presiding over the subsequent sanctions hearing. *See* Wis. Stat. § 938.355(6m)(b).

¶ 30. Furthermore, even if the court did not initiate the sanctions motion against Renee, before any sanctions motions were filed, the court found that both Dylan and Renee violated its orders, which demonstrates objective bias. Objective bias can exist where there is an appearance of partiality—that is, where a reasonable person could question the court's impartiality based on the court's statements—and the appearance of partiality reveals a great risk of actual bias. *See State v. Goodson*, 2009 WI App 107, ¶¶ 9, 14, 320 Wis. 2d 166, 771 N.W.2d 385. Here, a reasonable person would interpret the court's statements to mean that the court decided Dylan and Renee had violated its dispositional orders before the sanctions hearing. This appearance of partiality reveals a great risk that the court actually did prejudge the sanctions motions.

¶ 31. Dylan and Renee raise several additional arguments regarding the validity of their underlying truancy adjudications. Thus, in addition to seeking reversal of the sanctions orders, they also ask us to "dismiss [their cases] with prejudice" because of alleged defects in the truancy adjudication procedure.

¶ 32. Dylan and Renee's arguments regarding the underlying truancy adjudications appear persuasive, but we cannot address them. Because the truancy adjudications were never reduced to written orders, we lack jurisdiction to review them. A judgment or order must be reduced to writing and filed with the clerk of the circuit court before it may be appealed. *Ramsthal Adver. Agency v. Energy Miser, Inc.*, 90 Wis. 2d 74, 75, 279 N.W.2d 491 (Ct. App. 1979). Oral orders are not appealable, *Arthur v. Brendel*, 165 Wis. 2d 324, 325 n.1, 477 N.W.2d 655 (Ct. App. 1991), and a transcript of an

oral ruling is not sufficient to confer appellate jurisdiction, *State v. Alston*, 92 Wis. 2d 893, 900, 288 N.W.2d 866 (Ct. App. 1979).

*By the Court.*—Orders reversed.